**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000440**
**21-FEB-2020**
**08:37 AM**

NO. CAAP-18-0000440

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MORTON BASSAN, JR.; KEIKO BASSAN, Plaintiffs-Appellants, v. FEDERAL LAND BANK OF HAWAII (FLBH); FARM CREDIT SERVICES OF HAWAII (FCSH); HAWAII PRODUCTION CREDIT ASSOCIATION (HPCA); DIRECTOR OF HAWAI'I'S DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS; DIRECTOR OF HAWAI'I'S DEPARTMENT OF TAXATION, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 18-1-0018K)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Plaintiffs-Appellants Morton E. Bassan, Jr. and Keiko Bassan (Bassans), *pro se*, appeal[1] from the April 30, 2018

---

[1] The Bassans fail to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 3(c), as they have not designated "the judgment, order, or part thereof and the court or agency appealed from" nor attached a copy of the judgment or order. Furthermore, the Bassans have also violated HRAP Rule 12.1 in that they fail to provide record references for the "relevant procedural facts establishing jurisdiction" in their Jurisdictional Statement, thereby failing to clarify from what order or judgment they intend to appeal. HRAP Rule 12.1(c).

Furthermore, amongst other deficiencies in their opening brief, the Bassans' "Concise Statement of Points of Error" violates HRAP Rule 28(b)(4) as it fails to state "the alleged error committed by the court" that has been appealed from in this appeal, and fails to provide record citations for the alleged errors or where they were objected to or otherwise brought to the court's attention, which would ordinarily cause the points to be disregarded. In addition, their argument section consists of bare allegations unsupported by citations to the record or legal authority as required by HRAP Rule 28(b)(7) and is unintelligible.

(continued...)

Judgment entered by the Circuit Court of the Third Circuit (Circuit Court).[2]

The instant case arises out of a series of lawsuits stemming from a foreclosure action brought by Defendant-Appellee Federal Land Bank of Hawaii (Federal Land Bank) in 2005 (2005 Foreclosure) on a 1999 note and mortgage. On February 15, 2011, the Circuit Court[3] granted summary judgment and a decree of foreclosure (2011 Foreclosure Judgment) in favor of Federal Land Bank and against the Bassans and their business entities.[4] The Bassans did not appeal the Judgment. On February 23, 2012, the sale of the mortgaged property to Federal Land Bank through a credit bid was confirmed by the entry of the "Order Granting [Federal Land Bank's] Motion for Confirmation of Sale, for Allowance of Additional Amounts, for Distribution of Proceeds, for Order Directing Conveyance, Assignment, and Transfer, and for Writ of Possession, Judgment for Possession, and Execution" (February 23, 2012 Order). The Bassans did not appeal the February 23, 2012 Order.

---

[1](...continued)
Nevertheless, as "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal," HRAP Rule 3(c)(2), and this court has maintained a policy of addressing parties' appeals on the merits, where possible, O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994), we have endeavored to ascertain the nature of their arguments. We note a Judgment was entered by the Circuit Court within thirty days of the filing of the Bassans' notice of appeal; we presume it is from this judgment that this appeal has been taken. Reading the judgment in conjunction with the remedies sought in their complaint and prayer for relief in their opening brief includes a remand, we construe the Bassans' appeal as an attempt to continue their attack on the 2005 Foreclosure action.

[2] The Honorable Robert D.S. Kim presided.

[3] The Honorable Glenn S. Hara presided.

[4] Pending the Circuit Court's 2011 Foreclosure Judgment, the Bassans filed two Chapter 12 bankruptcy actions in the United States Bankruptcy Court, District of Hawaii: Case No. 08-00531, which was dismissed; and Case No. 11-01906, in which Federal Land Bank obtained relief from an automatic stay, allowing the 2005 Foreclosure to proceed. The 2011 bankruptcy was converted to a Chapter 7 proceeding. Pursuant to an approved Release and Settlement Agreement, the Bankruptcy Trustee released and discharged Federal Land Bank from any and all of the Bassans' pre-petition claims and causes of action.

The present appeal is from the dismissal of the Bassans' 2018 lawsuit against the Federal Land Bank, Farm Credit Services of Hawaii, Hawaii Production Credit Association (collectively the Farm Lenders), and the Directors of Hawai'i's Departments of Taxation (DOT) and Commerce and Consumer Affairs (DCCA), seeking invalidation of the 2011 Foreclosure Judgment and February 23, 2012 Order under Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b) based on Federal Land Bank's alleged non-compliance with "454M-2.5"[5] and HRS § 434-34.[6]

The Bassans argue on appeal that the Farm Lenders have committed fraud upon the court as (1) Farm Lenders are unregistered and unlicensed to do business in Hawai'i, and, thus, have evaded paying taxes and regulatory fees and committed unlawful foreclosures to boost income; (2) the DCCA and DOT do not defend their failure to enforce registration and tax laws;

---

[5]    Presumably, Hawaii Revised Statutes (HRS) § 454M-2.5 (2013), effective on May 5, 2011, which provides:

> **Unlicensed foreclosure actions voided.** Any action taken in connection with a mortgage foreclosure under chapter 667 by a nonexempt person who engages in the business of mortgage servicing without a license as provided in this chapter shall be void for purposes of chapter 667.

The Bassans' prayer for relief with regard to HRS § 454M-2.5 reads,

> Per 454M-2.5 unlicensed foreclosure actions voided; because [Federal Land Bank] was not properly registered or licensed then on February 23rd 2012 "ORDER GRANTING PLAINTIFF'S MOTION FOR CONFIRMATION OF SALE, FOR ALLOWANCE OF ADDITIONAL AMOUNTS, FOR DISTRIBUTION OF PROCEEDS, FOR ORDER DIRECTING CONVEYANCE, ASSIGNMENT AND TRANSFER, AND FOR WRIT OF POSSESSION, JUDGMENT FOR POSSESSION, AND EXECUTION," File stamped February 23, 2012 is voided.

[6]    Chapter 434, Insurance By Fraternal Benefit Societies, was repealed in 1987, approximately twelve years before the note and mortgage involved in this case. 1987 Haw. Sess. Laws Vol. 2 Act 347, § 1 at 1. Therefore, we do not address the applicability of this statute further.

The Bassans also asked, if relief was granted on either ground, that the case be designated as complex litigation under Hawai'i Circuit Court Rule 12(k).

and (3) hearing transcripts from Civil No. 15-1-416K[7] were tampered with because they omitted statements made in open court, such as Mr. Bassan saying that Federal Land Bank is neither registered nor licensed to conduct business in Hawai'i and the court stating that the Bassans are not vexatious litigants. They pray that this court "vacate and remand this case back to lower court for [Federal Land Bank's] registration, licensing, or certification with or without tax evasion issues to be heard and consequences of operating an unregistered, unlicensed, or uncertified business with or without tax evasion."

> "Res judicata . . . limit[s] a litigant to one opportunity to litigate aspects of the case to prevent inconsistent results and multiplicity of suits and to promote finality and judicial economy." E. Sav. Bank, FSB v. Esteban, 129 Hawai'i 154, 158, 296 P.3d 1062, 1066 (2013) (citing Dorrance v. Lee, 90 Hawai'i 143, 148-49, 976 P.2d 904, 909-10 (1999)). The doctrine prohibits parties from "relitigating a previously adjudicated cause of action." Id. (citing Bremer v. Weeks, 104 Hawai'i 43, 54, 85 P.3d 150, 161 (2004)).

Bank of Am., N.A. v. Hermano, 145 Hawai'i 139, 446 P.3d 1056, CAAP-17-0000835, 2019 WL 3824200, at *3 (App. Aug. 15 2019) (SDO).

Here, the Bassans seek to invalidate the 2011 Foreclosure Judgment and February 23, 2012 Order entered in the 2005 Foreclosure. The Bassans, as named defendants, participated in that foreclosure action and appealed from neither, resulting in both judgment and order becoming final. In the present action, they essentially seek to reopen and/or invalidate these

---

[7] On December 21, 2015, the Bassans filed a complaint in Civil No. 15-1-416K against directors and officers of Federal Land Bank, its past and present counsel, Farm Credit Services, third-party purchasers of the property, process servers, and the Farm Credit Administration making allegations against Federal Land Bank under HRS chapter 454M. In addition, the complaint contained 200 counts of civil conspiracy and "anti-Semitic civil conspiracy," without including any factual allegations.

The Circuit Court, the Honorable Ronald Ibarra presiding, ruled that HRS § 454M-2.5 did not apply, the Bassans' complaint did not state a claim under the Farm Credit Act, and dismissed all claims against all parties with prejudice and entered judgment against the Bassans.

This court dismissed the appeal from the judgment as untimely and the Hawai'i Supreme Court denied the Bassans' petition for certiorari.

judgments based on alleged violation of state regulatory statutes.

We have held in a number of cases that, once the judgment of foreclosure becomes final, the doctrine of *res judicata* prevents foreclosure defendants from raising defenses that could have been pursued in challenging the entry of foreclosure. See Ventures Tr. 2013-I-H-R by MCM Capital Partners, LLC v. Laurin, 144 Hawai'i 432, 443 P.3d 124, CAAP-17-0000849 and CAAP-18-0000032, 2019 WL 2609134, at *1 (App. Jun. 26, 2019) (SDO) (relying on Mortg. Elec. Registration Sys. Inc. v. Wise, 130 Hawai'i 11, 17, 304 P.3d 1192, 1198 (2013), failure to appeal foreclosure judgment precluded challenge to plaintiff-lender's standing and could not resurrect argument under HRCP Rule 60(b)(4)); Nationstar Mortg. LLC v. Boonstra, 144 Hawai'i 393, 442 P.3d 456, CAAP-18-0000583, 2019 WL 2441427, at *1 (App. Jun. 12, 2019) (SDO) (relying on Wise, failure to appeal from foreclosure judgment prevented challenge of same based on standing of plaintiff-lender); HSBC Bank USA v. Rojas Reyes, 138 Hawai'i 142, 377 P.3d 1060, CAAP-13-0006151, 2016 WL 4089030, at *1 (App. Jul. 27, 2016) (SDO) (failure to appeal foreclosure judgment precluded claims of fraud and breach of fiduciary duty, relying on Esteban, 129 Hawai'i at 160, 296 P.3d at 1068, which barred federal truth in lending claims where the foreclosure judgment was not appealed).

We are aware that the Hawaii Production Credit Association, and the Directors of the DOT and DCCA were not parties to Farm Land Bank's 2005 Foreclosure. However, Hawai'i "ha[s] partially abandoned the traditional requirement of identity of parties" in the application of collateral estoppel, which "precludes relitigation of facts or issues previously determined when it is raised defensively by one not a party in a prior suit against one who was a party in that suit and who himself raised and litigated the fact or issue." Santos v. State Dep't of Transp., Kauai Div., 64 Haw. 648, 652, 646 P.2d 962, 965 (1982) (citations omitted). In Civ. No. 15-1-0416K the Bassans

argued HRS ch. 454M as a basis to void the "mortgage foreclosure's commissioners deed filed April 20, 2012 . . . and, if any, all other related documents." The Circuit Court rejected the Bassans' argument, and their appeal from this decision was dismissed as untimely and rejected on certiorari by the Hawai‘i Supreme Court. Thus, the Bassans are precluded by collateral estoppel from asserting this claim against Hawaii Production Credit Association, and the Directors of the DOT and DCCA in this appeal.

Therefore, the April 30, 2018 Judgment entered by the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai‘i, February 21, 2020.

On the briefs:

Morton Bassan, Jr.
Keiko Bassan,
Plaintiffs-Appellants, pro se.

Kristi L. Arakaki,
for Defendants-Appellees
Federal Land Bank Association
of Hawaii, FLCA, Farm Credit
Services of Hawaii, ACA, and
Hawaii Production Credit
Association.

Joinder on the Farm Lenders
answering brief:

    James C. Paige
    Deputy Attorney General
    for Defendant-Appellee,
    Director, Department
    Commerce and Consumer
    Affairs.

Presiding Judge

Associate Judge

Associate Judge